FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.
★ FEB 2 5 2009 ★
BROOKLYN OFFICE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------X

SHABUCALIK GERALDS,

               Plaintiff,

-against-

DINESH PATEL, DDS, MDC-Brooklyn;
PAMELA HAMILTON, DDS, MDC-
Brooklyn; RAUL CAMPOS, Health Services
Administrator, MDC-Brooklyn; J. SAINT-
PREUX, MLP, MDC-Brooklyn,

               Defendants.
------------------------------------------------------------X

**MEMORANDUM & ORDER**

**08-CV-0104 (NGG) (LB)**

NICHOLAS G. GARAUFIS, United States District Judge.

    Plaintiff Shabucalik Geralds ("Plaintiff"), a federal inmate proceeding pro se, brings this action purportedly under 42 U.S.C. § 1983, alleging that Defendants violated his right under the Eighth Amendment to be free from cruel and unusual punishment by delaying or denying dental treatment for his cracked tooth. (Compl. 4 (Docket Entry #1).) He seeks three million dollars in damages. (Id. at 5.) The court construes Plaintiff's Complaint as alleging a constitutional claim of deliberate indifference to serious medical needs, arising under Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics, 403 U.S. 388 (1971), and Wilson v. Seiter, 501 U.S. 294, 302-03 (1991).

    On February 5, 2009, Defendant Dr. Pamela Hamilton ("Defendant Hamilton") filed a Motion to Dismiss the claims against her pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure. (Docket Entry #50.) She asserts that she is entitled to absolute immunity by virtue of her employment with the United States Public Health Service ("PHS"). (Def. Mem. 4 (Docket Entry #51).) She has attached to her Motion a Declaration that she as a PHS Employee, along

1

with a Commission from the Department of Health and Human Services. (Def. Mem. Ex. 1.) Plaintiff concedes that his claims against Defendant Hamilton are subject to dismissal on the grounds of absolute immunity. (Pl. Opp. 1 (Docket Entry #47) ("With respect to Pamela Hamilton['s] absolute immunity I will move to agree that she be dismissed from the complaint . . . because of her absolute immunity.").)

Out of an abundance of caution, the court has reviewed the relevant authorities and concludes that Defendant Hamilton has absolute immunity from suit. The exclusive remedy for alleged wrongdoing by a PHS employee acting within the course and scope of her performance of medical functions is a suit against the United States under the Federal Tort Claims Act ("FTCA"). See 42 U.S.C. § 233(a); see also Cuoco v. Moritsugu, 222 F.3d 99, 107 (2d Cir. 2000); Brown v. McElroy, 160 F. Supp. 2d 699, 703 (S.D.N.Y. 2001). The Second Circuit explained in Cuoco that the purpose of the Section 233(a) was to protect commissioned PHS officers or employees from being subject to suit while performing medical functions by requiring that such lawsuits be brought against the United States instead of the individual officer or employee. Cuoco, 222 F.3d at 108.

Accepting Plaintiff's allegations as true, Atlantic Mutual Insurance Company v. Balfour Maclaine International Limited, 968 F.2d 196, 198 (2d Cir. 1992), Defendant Hamilton's failure to provide adequate dental treatment occurred while she was acting within her capacity as Chief Dental Officer at MDC Brooklyn. Consequently, Defendant Hamilton is entitled to absolute immunity.

All claims against Defendant Hamilton are thus DISMISSED.

SO ORDERED.

s/Nicholas G. Garaufis

Dated: Brooklyn, New York
February 20, 2009

NICHOLAS G. GARAUFIS
United States District Judge

2